UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

SEGUNDO SAITEROS PALAGUACHY,

Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 1 9 2014 ★
BROOKLYN OFFICE

14-CR-0184

Statement of Reasons for Sentencing
Pursuant to 18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I.     Introduction .................................................................................................................. 1
II.    Offense Level and Category ........................................................................................ 2
III.   Law ............................................................................................................................... 2
IV.    18 U.S.C. § 3553(a) Considerations ............................................................................ 3
V.     Sentence ....................................................................................................................... 4
VI.    Conclusion ................................................................................................................... 4

**I.   Introduction**

On April 28, 2014, Mr. Palaguachy pled guilty to a one-count indictment, which charged that on January 11, 2014, defendant, who had previously been deported from the United States for a felony conviction, was found in the United States without authorization, in violation of 8 U.S.C. § 1326(a) and (b)(1). On October 30, 2014, Mr. Palaguachy was sentenced to one year and one day in custody, which is below the Guidelines standard. Credit was given for time served. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level and Category

The total offense level is 17, which reflects a 4-level downward departure pursuant to Policy Statement 5K3.1 (Early Disposition Program). The criminal history is category II. The guideline imprisonment range is 27 to 33 months. U.S.S.G. §5A.

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007)). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotation marks and alterations omitted).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.     18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant" in sentencing Mr. Palaguachy. 18 U.S.C. § 3553(a)(1).

Mr. Palaguachy is a twenty-six-year-old citizen of Ecuador. He was raised in poverty and under difficult family circumstances. His father drowned when he was six years old. His mother was formerly a farmer, but is unable to work due to the effects of her osteoporosis. His sister was raped at a young age; she suffers from a disability resulting from the rape, which prevents her from supporting herself.

Prior to his arrest, Mr. Palaguachy supported his mother and sister by sending remittances to Ecuador from wages earned in the United States. Since coming to the United States, he has provided for his family in Ecuador by working hard and consistently in a variety of settings, including restaurants and construction sites. Defendant is the only individual financially supporting his family members in Ecuador.

Defendant will be deported from the United States. *See United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *13 (E.D.N.Y. Sept. 24, 2014) (deportation to be considered in sentencing).

## V. Sentence

Under Section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. Considering defendant's otherwise clean record and the fact that he has supported his family in times of extreme need, defendant was sentenced to one year and one day in custody, which is below the Guidelines standard. Credit was given for time served.

A $100 special assessment was imposed. 18 U.S.C. § 3013(a)(2)(A). No fine was levied because Mr. Palaguachy has no assets. Mr. Palaguachy was sentenced to three years of supervised release, under conditions specified orally at sentencing.

## VI. Conclusion

General and specific deterrence are achieved by the sentence imposed. Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. The court makes no direction or suggestion with respect to defendant's deportation. Any appeal should be expedited to prevent extended incarceration in the custody of the Department of Homeland Security. The process should not be the punishment. *See United States v. Lopez–Aguilar*, CR 93–209, 1996 WL 407300 (E.D.N.Y. July 16, 1996) (presence before the court in the United States required at resentence), *vacated in part sub nom., United States v. Londono*, 100 F.3d 236 (2d Cir.1996); *cf.* Malcom M. Feeley, *The Process is the Punishment: Handling Cases in a Criminal Court* (1992). Deportation would frustrate such a resentence.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: November 7, 2014
      Brooklyn, New York